## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>Office of the General Counsel<br>245 Murray Lane SW<br>Mailstop 0485<br>Washington, DC 20528,<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## COMPLAINT

Plaintiff, Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.　　　The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.　　　Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.　　　Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American

public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Homeland Security is an agency of the U.S.

Government and is headquartered at 245 Murray Lane SW, Washington, DC 20528.  Defendant

has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      The U.S. Secret Service ("Secret Service") is a component of Defendant U.S.

Department of Homeland Security.

6.      In pursuit of its mission of promoting government accountability, Judicial Watch

regularly asks the Secret Service for records of VIP travel expenses.

7.      In January and February 2019, Plaintiff served multiple FOIA requests on the

Secret Service for all records concerning security costs and other travel-related expenses for the

following trips taken by President Donald J. Trump, First Lady Melania Trump, and any

companions:

    a.      <u>First Lady Melania Trump and companions</u>
        (Palm Beach, FL - all trips 12/21/18-1/2/19)

        Date of Request:              01/02/19
        FOIA Request Received:        01/07/19
        Determination Due:            02/25/19
        FOIA/File No.:                20190369

    b.      <u>President Trump and companions</u>
        (Palm Beach, FL - 02/01/19-02/03/19)

        Date of Request:              02/06/19
        FOIA Request Received:        02/14/19
          (USPS tracking # 7017 0530 0000 7010 1459)
        Determination Due:            03/15/19

As of April 11, 2019, the agency has failed to acknowledge and/or respond to this

request.

- 2 -

c.     President Trump and companions
       (El Paso, TX – 02/11/19)

       Date of Request:              02/12/19
       FOIA Request Received:        02/26/19
       Determination Due:            03/26/19
       FOIA/File No.:                20190473

d.     President Trump and companions
       (Palm Beach, FL – 02/15/19-02/18/19)

       Date of Request:              02/21/19
       FOIA Request Received:        02/26/19
       Determination Due:            03/26/19
       FOIA/File No.:                20190472

The requests were received by the Secret Service, and the Secret Service's determinations were due on the dates indicated.  The Secret Service has assigned the requests the FOIA/File numbers indicated.

8.     As of the date of this Complaint, the Secret Service has failed to: (i) determine whether to comply with each request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9.     Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.    Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's requests or demonstrate that the requested records are lawfully exempt from production.

11.     Plaintiff is being irreparably harmed by Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

12.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make determinations with respect to Plaintiff's requests within twenty (20) working days of receiving the request.  Accordingly, Defendant's determinations were due on or before the dates indicated in paragraph 7.  At a minimum, Defendant was required to:  (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

13.     Because Defendant failed to make determinations with respect to Plaintiff's requests within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  April 12, 2019                    Respectfully submitted,

                                          */s/ Lauren M. Burke*
                                          Lauren M. Burke
                                          D.C. Bar No. 1028811
                                          JUDICIAL WATCH, INC.
                                          425 Third Street SW, Suite 800
                                          Washington, DC 20024
                                          (202) 646-5172
                                          lburke@judicialwatch.org

                                          *Counsel for Plaintiff*